FILED
NOV 02 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TROY DANIEL STOKKE,

    Petitioner,

v.

BRIAN BELLEQUE,

    Respondent.

Civil No. 07-1174-AC

FINDINGS AND RECOMMENDATION

ANTHONY D. BORNSTEIN
Assistant Federal Public Defender
101 SW Main Street
Suite 1700
Portland, OR 97204

    Attorney for Petitioner

JOHN R. KROGER
Attorney General
KRISTEN E. BOYD
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301

    Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION -



ACOSTA, Magistrate Judge.

Petitioner, an inmate at the Oregon State Penitentiary, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Petition for Writ of Habeas Corpus should be DENIED.

## BACKGROUND

On March 4, 1998, a Lane County grand jury indicted Petitioner on one charge of Murder. The case was tried to a jury, and Petitioner was convicted. On February 18, 1999, the trial judge sentenced Petitioner to a term of life imprisonment with a mandatory minimum of 25 years.

Petitioner filed a direct appeal. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. *State v. Stokke*, 175 Or. App. 555, 29 P.3d 626, *rev. denied*, 333 Or. 162, 39 P.3d 192 (2001).

Petitioner then filed a petition for state post-conviction relief ("PCR"). Following an evidentiary hearing, the PCR trial judge denied relief. Petitioner appealed, but the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. *Stokke v. Czerniak*, 210 Or. App. 756, 153 P.3d 178, *rev. denied*, 342 Or. 645, 158 P.3d 508 (2007).

On August 8, 2007, Petitioner filed his Petition for Writ of Habeas Corpus in this court. The sole claim for relief at issue is Petitioner's allegation that his trial attorney provided constitutionally ineffective assistance of counsel by failing to object to the sentence of life imprisonment.[1]

---

[1] Petitioner included two additional grounds for relief in his Petition for Writ of Habeas Corpus, but affirmatively waived those claims in his Memorandum of Law in Support of Petition for Writ of Habeas corpus.

2 - FINDINGS AND RECOMMENDATION -

## DISCUSSION

### I. Legal Standards

Under 28 U.S.C. § 2254(e)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, habeas corpus relief may not be granted on any claim that was adjudicated on the merits in state court, unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state court decision is not considered "contrary to" established Supreme Court precedent unless it "applies a rule that contradicts the governing law set forth in [Supreme Court cases]" or "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003). A federal habeas court cannot overturn a state decision "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams v. Taylor*, 529 U.S. 362, 409 (2000).

The Supreme Court has established a two-part test to determine whether a defendant has received ineffective assistance of counsel. Under this test, a petitioner must prove that counsel's performance fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-888 (1987).

3 - FINDINGS AND RECOMMENDATION -

To prove a deficient performance of counsel, a petitioner must demonstrate that trial counsel "made errors that a reasonably competent attorney as a diligent and conscientious advocate would not have made." *Butcher v. Marquez*, 758 F.2d 373, 376 (9th Cir. 1985). The test is whether the assistance was reasonably effective under the circumstances, and judicial scrutiny must be highly deferential, with the court indulging a presumption that the attorney's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

## II.  Analysis

Petitioner argues his Sixth Amendment right to effective assistance of counsel was violated because counsel failed to object to the imposition of a life sentence, as that sentence was unconstitutionally disproportionate when compared to the sentence for aggravated murder.

At the time of Petitioner's conviction for his crime, Oregon's intentional murder statute provided that a person convicted of murder "shall be punished by imprisonment for life" and that "the defendant shall be confined for a minimum of 25 years without possibility of parole. . . ." Or. Rev. Stat. § 163.115(5) (1995). Because there were no statutory provisions for paroling a person sentenced under this statute, these sentences ended up constituting "true life" sentences. *State v. McLain*, 158 Or. App. 419, 423-425, 974 P.2d 727 (1995).

Six days after Petitioner was sentenced, the Oregon Court of Appeals found the sentencing scheme provided by Or. Rev. Stat. §163.115(5)(b) unconstitutionally disproportionate. *McLain*, 158 Or. App. at 427. The statute had the practical effect of allowing certain prisoners convicted of Aggravated Murder and sentenced to "life imprisonment" to have a parole hearing after serving 25 years in custody (with no possibility of release until 30 years), whereas non-aggravated murders

4 - FINDINGS AND RECOMMENDATION -

with a life sentence had no opportunity for parole despite committing a lesser crime. *Id.* The Oregon Court of Appeals concluded that the proper sentence is the 25-year mandatory minimum sentence, followed by post-prison supervision for life. *Id.* In other words, the inmate would be released after 25 years and would not be subject to parole at the discretion of the Oregon Board of Parole and Post-Prison Supervision ("the Board").

The Oregon legislature, in immediate reaction to *McLain*, enacted legislation which granted the Board authority to parole any person who had been convicted of murder and sentenced to "imprisonment for life," regardless of the date of the underlying crime. Specifically, § 163.115(5) was amended to provide that a prisoner who served the 25-year minimum sentence could petition the Board for a hearing to allow the Board to determine whether he was "likely to be rehabilitated within a reasonable period of time." Or. Rev. Stat. § 163.115(5)(c) (1999). If the Board made such a finding, it could convert the sentence to "life imprisonment with the possibility of parole, release to post-prison supervision or work release and may set a release date." Or. Rev. Stat. § 163.115(5)(d) (1999).

In *State v. Haynes*, 168 Or. App. 565, 7 P.3d 623, *rev. denied*, 331 Or. 283, 18 P.3d 1101 (2000), the Oregon Court of Appeals reviewed the legislative amendment to Or. Rev. Stat. § 163.115 and found that it cured the proportionality deficit that was the basis of the decision in *McLain*. The amendment also cured the defect of all previously imposed "imprisonment for life" sentences by granting the Board retroactive authority. *Id.* at 567-68. The Court of Appeals further addressed the issue of an *ex post facto* violation as a result of the retroactive application, and determined there was no violation since the amendment was ameliorative. *Id.*; *see also Allen v.*

5 - FINDINGS AND RECOMMENDATION -

*Belleque*, 2007 WL 2155803 (D. Or. 2007) (finding no *ex post facto* violation where Or. Rev. Stat. § 163.115(5) (1995) applied retroactively).

Here, Petitioner argues counsel should have objected at the time of sentencing on the basis that Petitioner's sentence was disproportionate to the sentence for aggravated murder, as subsequently decided in *McLain*. In essence, Petitioner is saying trial counsel was ineffective in failing to anticipate a true change of law as reflected by *McLain*. The cases cited by Petitioner in support of his argument are, however, distinguishable from the case at hand.

Two of the cases involved situations in which courts found ineffective assistance where counsel failed to object at sentencing based on law which existed *prior* to the sentencing. *See United States v. Ford*, 918 F.2d 1343, 1350 (8th Cir. 1990) (counsel failed to object to base offense level when a month prior to sentencing Congress had amended guideline to allow for two-point reduction in career offender's base level when offender accepted responsibility for crimes); *United States v. Kissick*, 69 F.3d 1048, 1056 (1995) (counsel failed to object to prior conviction which did not meet necessary elements required to support finding under "career offender" provision).

In the other case cited, *Burdge v. Belleque*, 290 Fed. Appx. 73 (9th Cir. 2008), the Ninth Circuit found counsel was ineffective for failing to recognize multiple interpretations of an Oregon statute governing sentences for persons previously convicted. At the time of the sentencing in *Burdge*, counsel was presented with an open question regarding who qualified as having "previously been convicted" under the statute. Moreover, statutes similar to Oregon's had been successfully challenged for many years in other states. The Oregon courts subsequently held the

6 - FINDINGS AND RECOMMENDATION -

statute did not apply to defendants like *Burdge*, and the Ninth Circuit held counsel unreasonably failed to identify the ambiguity and argue for the result later validated.

Here, the sentencing issue presented to Petitioner's counsel was not subject to the same ambiguity as identified in *Burdge*. Instead, Or. Rev. Stat. § 163.115(5) was clear in its application to any murder conviction after June 30, 1995, and there is no dispute that Petitioner's sentence was lawful at the time and correctly applied to Petitioner, as recognized by the PCR trial judge in his Findings of Fact and Conclusions of Law:

### CONCLUSIONS OF LAW

\* \* \*

> 9.  ... Petitioner's claim that trial counsel failed to object, pursuant to *State v. McLain*, 158 Or. App. 419 (1999), to the life sentence imposed by the court is barred pursuant to ORS 138.550(2); appellate counsel did assign as error the imposition of a life sentence relying upon *State v. McLain*. In any event, petitioner's claim against trial counsel and appellate counsel regarding the imposition of life imprisonment is without merit due to the holding in *State v. Haynes*, 168 Or. App. 565 (2000).

Resp. Exh. 121, p. 7.

"*Strickland* does not mandate prescience, only objectively reasonable advice under prevailing professional norms." *Sophanthavong v. Palmateer*, 378 F.3d 859, 870 (9th Cir. 2004) (citing *Strickland*, 466 U.S. at 690). Thus, a court reviewing an ineffective assistance of counsel claim cannot require that an attorney anticipate a decision in a later case. *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994). Because existing law did not support an objection at the time of Petitioner's sentencing, counsel's performance did not fall below an objective standard of reasonableness. Accordingly, the PCR trial court's decision denying relief on Petitioner's

ineffective assistance of counsel claim was not contrary to or an unreasonable application of clearly established federal law.

## RECOMMENDATION

For these reasons, the Petition for Writ of Habeas Corpus should be DENIED and a judgment of DISMISSAL should be entered.

## SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due November 16, 2009. If no objections are filed, review of the Findings and Recommendation will go under advisement that date.

A party may respond to another party's objections within 10 days after filing of the objections. If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or on the latest date for filing a response.

DATED this 28th day of October, 2009.

John V. Acosta
United States Magistrate Judge

8 - FINDINGS AND RECOMMENDATION -